IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HANI SALEH RASHID ABDULLAH, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-0023 (RWR) |
| NAZUL GUL, <br><br> Petitioner, <br><br> v. <br><br> GEORGE W. BUSH, President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-0888 (CKK) |
| ADEL HASSAN HAMAD, <br><br> Petitioner, <br><br> v. <br><br> GEORGE W. BUSH, President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-1009 (JDB) |

|  |  |  |
|---|---|---|
| ABDULRAHIM ABDUL RAZAK AL GINCO, | ) ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1310 (RJL) |
| GEORGE W. BUSH, President of the United States, *et al.,* | ) ) ) ) ) | |
| Respondents. | ) ) | |
| ADHAM MOHAMMED ALI AWAD, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-CV-2379 (JR) |
| GEORGE W. BUSH, President of the United States, *et al.,* | ) ) ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' CONSOLIDATED MEMORANDUM IN
OPPOSITION TO PETITIONERS' MOTIONS TO LIFT STAY**

Respondents hereby oppose petitioners' motions to lift the stay in the above-captioned cases.[1]  As explained below, given the pendency of related appeals that will resolve the

---

[1] Petitioners' Motion to Modify Stay Order of April 8, 2005 in Abdullah v. Bush, No. 05-CV-0023 (RWR) (dkt. no. 59); Petitioner's Emergency Motion to Lift or Modify Stay to Consider Motion for Summary Judgment in Gul v. Bush, No. 05-CV-0888 (CKK) (dkt. no. 46); Petitioner's Motion to Lift or Modify Stay for Consideration of Motion for Summary Judgment in Hamad v. Bush, No. 05-CV-1009 (JDB) (dkt. no. 57); Petitioner's Motion to Lift or Modify Stay for Consideration of Motion for Partial Summary Judgment or, in the Alternative, an Order to Show Cause in Al Ginco v. Bush, No. 05-CV-1310 (RJL) (dkt. no. 35); Petitioner's Motion to Lift the Stay and to Compel Respondents to Provide Factual Returns, to Provide Counsel Access

significant jurisdictional issues in these cases and determine whether these cases should proceed, and if so, how, a stay of proceedings continues to remain appropriate. Petitioners' motions, therefore, should be denied.

## ARGUMENT

As an initial matter, respondents object to further proceedings in these habeas cases because the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), vests exclusive jurisdiction over these cases in the D.C. Circuit. The Act, among other things, amends 28 U.S.C. § 2241 to eliminate court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, id., § 1005(e)(1), and creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any military commissions, id., § 1005 (e)(2), (e)(3). Section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. Given the Act's investment of exclusive review in the Court of Appeals, the District Court lacks jurisdiction over these cases.

Petitioners argue that the Supreme Court's decision in Hamdan v. Rumsfeld, 548 U.S. —, 126 S. Ct. 2749 (U.S. June 29, 2006), concluded that this Court may continue to exercise jurisdiction over the above-captioned cases and, therefore, the Court should lift the stay entered in these cases and proceed directly to the merits of the petitions, including consideration of

---

to Petitioner's Medical Records, and to Provide Petitioner with Independent Physical and Mental Health Examinations in Awad v. Bush, No. 05-CV-2379 (JR) (dkt. no. 32).

motions for summary judgment, see, e.g., Al Ginco Mot. at 9-10, and proceeding with requests for discovery, see, e.g., Abdullah Mot. at 1-2 & Ex. C.  While the Supreme Court in Hamdan, 548 U.S. —, 126 S. Ct. at 2762-69, held that § 1005(e)(1) of the Detainee Treatment Act did not apply to habeas petitions pending prior to the enactment of the Act, it recognized that the exclusive review provisions of the Act did expressly apply to cases pending prior to enactment.  Although the petitioner in Hamdan escaped the Act because his challenge did not involve a final decision of a military commission within the exclusive jurisdiction of the Court of Appeals under § 1005(e)(3), the Court reserved the question of the effect of the exclusive review provisions of the Act on other cases, stating that "[t]here may be habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3).  We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit."  Hamdan, 126 S. Ct. at 2769, n.14.  The above-captioned cases are such cases, i.e., challenging petitioners' designation as enemy combatants through the Combatant Status Review Tribunal.[2]  Given the Act's

---

[2] Petitioners contend that section 1005(e)(2) of the Act, which creates an exclusive review mechanism in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," made expressly applicable to pending cases, is not applicable here because petitioners do not seek to challenge the decision of the CSRT, but rather, the "basic legality of the Department of Defense's detention" of petitioners.  See, e.g., Gul Mot. at 9.  Petitioners, however, have been determined, in a "final decision" of a CSRT, to be enemy combatants.  Therefore, petitioners, in challenging the lawfulness of their detention as enemy combatants, are necessarily challenging the "validity" of the final CSRT decision that they are "properly detained as . . . enemy combatant[s]."  Act, § 1005(e)(2)(A).  Petitioners' claims thus fall squarely within the substantive scope of section 1005(e)(2) of the Act.  Indeed, section 1005(e)(2) permits review of petitioners' constitutional and statutory challenges to the conclusion that they are enemy combatants properly detained.  See Act, § 1005(e)(2)(C) ("to the extent the Constitution and laws of the United States are applicable, [the Court of Appeals will review] whether the use of such standards and procedures to make the determination is consistent with the Constitution and laws

investment of exclusive review in the Court of Appeals, the District Court lacks jurisdiction over these cases, for it is well-settled that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under more general grants of jurisdiction, including habeas corpus. Cf., e.g., 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . . habeas corpus"); Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of the agency's disposition of these issues was appeal to the Court of Appeals as provided by statute."); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was not authorized to hear this § 2241 habeas petition."). See also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals). Granting the relief requested by petitioners would require an assertion of jurisdiction and authority in this case inconsistent with the Act's investment of

---

of the United States").

exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature, especially since petitioners seek to move forward on the merits of their cases.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Thus, the Supreme Court's decision in Hamdan has not resolved the issue of whether this Court may exercise jurisdiction in this case in light of the Act.[3]  The effect of the Act, including whether its creation of an exclusive review mechanism in the Court of Appeals violates provisions of the U.S. Constitution, including the Suspension Clause, see, e.g., Hamad Mot. at 17-26,[4] was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit (Boumediene v. Bush, No. 05-5062, and Al Odah v. United States, No. 05-5064), and additional supplemental briefing on the effect of the Hamdan decision on this issue was completed on August 15, 2006.  Accordingly, a stay of proceedings in these cases

---

[3]  Moreover, Congress recently passed the Military Commissions Act of 2006, which, among other things, amends 28 U.S.C. § 2241 to eliminate district court jurisdiction to consider habeas and other claims by aliens detained by the United States as enemy combatants.  See Military Commissions Act of 2006, S. 3930, 109th Cong. § 7 (2006).  The legislation, which awaits signature by the President, expressly applies the amendment "to all cases, without exception, pending on or after the date of the enactment of this Act," which would include the above-captioned cases and thereby also divest this Court of jurisdiction over these actions.

[4]  Petitioners' claim that the Act is an unconstitutional bill of attainder, see, e.g., Hamad Mot. at 10-17, is under consideration in another related Guantanamo detainee appeal pending before the D.C. Circuit, Paracha v. Bush, Nos. 05-5194, 05-5211 and 05-5333.

continues to be appropriate pending the resolution of the effect of the Act by the Court of Appeals.

In addition, a stay of proceedings remains appropriate for the separate and independent reason that the substantive issues in these Guantanamo detainee habeas cases, including whether petitioners have judicially enforceable rights under the U.S. Constitution, statutes or international law, and, if so, whether the Combatant Status Review Tribunals satisfy any such rights, as well as the type of proceedings to which petitioners may be entitled should this case proceed in District Court, remain under consideration by the Court of Appeals. These issues were briefed and argued before the Court of Appeals prior to enactment of the Detainee Treatment Act. Thus, even if it is ultimately determined that this Court may exercise jurisdiction over these habeas cases, these cases should not proceed prior to obtaining guidance from the D.C. Circuit regarding whether and how to address the substantive claims raised by petitioners.

Petitioners fail to make a sufficient showing of any circumstances that would warrant lifting the stay entered in these cases, particularly given the significant jurisdictional and other issues that are awaiting resolution by the D.C. Circuit.[5] Indeed, while Hamdan addressed one

---

[5] Petitioners in Awad v. Bush request that the Court order respondents to produce Mr. Awad's medical records and that they be permitted to conduct independent medical examinations of Mr. Awad. See Awad Mot. at 11-15. These requests also should be denied. As a threshold matter, petitioners' requests for medical records are improper attempts to take discovery that would be unduly burdensome and, in any event, are unnecessary given the high quality medical care provided to all detainees at Guantanamo Bay. See Declaration of Captain Ronald L. Sollock, M.D., Ph.D., filed in Al-Ghizzawi v. Bush, No. 05-CV-2378 (JDB) (attached hereto in redacted form) (explaining high quality medical care available to Guantanamo detainees). See also Al Odah v. United States, 329 F. Supp. 2d 106, 107-08 (D.D.C. 2004) (finding that Guantanamo detainee habeas petitioners must first seek leave of court before conducting discovery and denying leave to conduct discovery); cf. Rule 6(a) of the Rules Governing Section 2254 Cases (requiring leave of court for good cause shown before discovery may be conducted). Moreover, petitioners have not established that respondents have been "deliberately indifferent"

aspect of the Detainee Treatment Act, it did not resolve the effect of the exclusive jurisdiction provision of the Act as it applies to cases such as these, nor did it resolve the multiple, substantial issues regarding how Guantanamo detainees' challenges to their detention should proceed. The D.C. Circuit's impending ruling may moot or at least significantly impact future proceedings in these cases, including the ability of petitioners to request discovery, and there is a serious likelihood that any substantive proceedings undertaken in these cases would have to be relitigated or revisited once the Court of Appeals provides its guidance on these issues. Thus, to avoid any needless expenditure of any further judicial, litigation, and government resources, and to approach the gravely serious issues in these cases in an appropriate and orderly fashion, the Court should deny petitioners' motions to lift the stay pending resolution of the pending appeals.

Further, granting petitioners' motions would potentially have far-reaching consequences because such relief doubtless would trigger a cascade effect in other Guantanamo detainee cases.

---

to Mr. Awad's medical needs, which is the appropriate legal standard used to evaluate claims of deficient medical care and challenges to conditions of confinement asserted by Guantanamo detainees. In O.K. v. Bush, 344 F. Supp. 2d 44, 60-63 (D.D.C. 2004), Judge Bates rejected a detainee's request for an order requiring an independent medical examination and production of medical records, finding that petitioner had not alleged a substantive violation of a legal right and had not offered sufficient competent evidence of "deliberate indifference" in medical care. On October 2, 2006, Judge Bates denied a similar motion for medical records and an independent medical examination in Al-Ghizzawi v. Bush, No. 05-CV-2378 (JDB) (dkt. no. 47), concluding that such relief would improperly "require direct judicial intervention into the operations of the medical facility at Guantanamo," inconsistent with the principles that "deliberate indifference" is not demonstrated by mere allegations of negligence and that detainees have no independent constitutional right to outside medical care. Other Judges of this Court have denied similar requests for medical records and medical relief. See, e.g., El-Banna v. Bush, 394 F. Supp. 2d 76 (D.D.C. 2005) (Oberdorfer, J.); Al-Oshan v. Bush, No. 05-CV-520 (RMU) (dkt. no. 59); Al Odah v. Bush, 406 F. Supp. 2d 37 (D.D.C. 2005) (Kollar-Kotelly, J.) (denying request for injunctive relief seeking judicial oversight of medical treatment of detainees, including periodic reports on medical conditions, access to detainee medical records, and telephone calls with detainees' family and counsel).

Presently, there are over 200 habeas cases pending on behalf of well over 300 detainees at Guantanamo; the majority of those cases and petitioners were not subject to the decisions of Judges Leon and Green in Khalid and In re Guantanamo Detainee Cases. A decision to lift the stay before the resolution of the appeals could precipitate a chain reaction — the scores of petitioners in other pending Guantanamo enemy combatant detainee cases, seeking parity of treatment, would request the Court to lift or modify stays that have already been entered. This scenario is exactly what Judge Green aimed to avoid when she denied the motion of petitioners in the coordinated Guantanamo cases to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward." See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases (Feb. 7, 2005) (Green, J.). For all of these reasons, the Court should deny petitioners' motions.[6]

---

[6] Petitioners in Awad v. Bush request that the Court require respondents to submit a factual return in that case. See Awad Mot. at 6-7. In addition to the significant jurisdictional issues presented by the Act as explained herein, the Court should not require the production and submission of a factual return in the Awad case because such action involves the disclosure to counsel of classified information, and the preparation of the returns is not an inconsequential task. As an initial matter, requiring respondents to provide to counsel factual returns containing classified information, even where counsel receive such disclosures subject to certain handling restrictions, is not without prejudice to respondents where the issue of whether the Court has any authority to require such disclosure remains pending before the Court of Appeals. Furthermore, with respect to the logistical burdens involved in producing factual returns, each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking. For these reasons, as well as the outstanding jurisdictional issues which will be addressed soon by the Court of Appeals, respondents object to production of a factual return in the Awad case. If the Court decides to assert jurisdiction notwithstanding the

## **CONCLUSION**

For the reasons stated, petitioners' motions to lift the stay in the above-captioned cases should be denied.

Dated: October 5, 2006                    Respectfully submitted,

                                          PETER D. KEISLER
                                        Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel

                                           /s/ Preeya M. Noronha
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        TERRY M. HENRY
                                        JAMES J. SCHWARTZ
                                        PREEYA M. NORONHA
                                        ROBERT J. KATERBERG
                                        NICHOLAS J. PATTERSON
                                        ANDREW I. WARDEN
                                        EDWARD H. WHITE
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Ave., N.W.
                                        Washington, DC  20530
                                        Tel:  (202) 514-4107
                                        Fax:  (202) 616-8470

                                        Attorneys for Respondents

---

Detainee Treatment Act of 2005 and order the production of a factual return in this case, however, respondents request that in light of the logistical burdens involved, including the fact that respondents have recently been ordered to produce over a dozen factual returns in other cases by the end of October, they been given at least 90 days to submit the factual return.