Steven T. Wax, OSB #85012
Federal Public Defender
steve_wax@fd.org
Stephen R. Sady
Chief Deputy Federal Public Defender
steve_sady@fd.org
Patrick J. Ehlers
Assistant Federal Public Defender
patrick_ehlers@fd.org
101 SW Main Street, Suite 1700
Portland, Oregon 97204
Tel: 503-326-2123
Fax: 503-326-5524

Attorneys for Petitioner

PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULRAHIM ABDUL RAZAK AL GINCO,<br><br>                              Petitioner,<br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>                              Respondents. | CV 05-1310-RJL<br><br>REPLY TO RESPONDENTS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTIONS TO LIFT OR MODIFY STAY |

**Introduction**

In the face of overwhelming affirmative evidence that Abdul Rahim is an innocent man over whom the military has no jurisdiction, the respondents provide no basis for this Court to continue to stay indefinitely these habeas corpus proceedings. On the contrary, the

tacit admissions regarding Abdul Rahim's innocence, lack of military jurisdiction, and the use of the products of Taliban torture compel this Court to perform the most basic function of habeas corpus – freeing forthwith the innocent from arbitrary and unauthorized executive detention. The respondents' invocation of statutes is fruitless: the statutes by their own terms do not purport to allow unreviewable indefinite detention under the circumstances of this case; and, if they did, such statutes would be trumped by the fundamental constitutional protections related to habeas corpus, Bills of Attainder, retroactivity doctrine, due process, and equal protection.

A.  **Immediate Action Is Required Where No Competent Tribunal Has Ordered Detention And The Respondents Tacitly Admit: That Abdul Rahim Is Factually Innocent, That No Military Jurisdiction Exists Over Him, And That The Military Proceedings Utilized The Results Of Brutal Taliban Torture.**

The respondents' opposition to lifting the stay is most significant for what it does not say: Despite unequivocal affirmative evidence establishing the illegality of Abdul Rahim's detention, the respondents never suggest the facts are not as he claims them to be. In the face of Abdul Rahim's assertions regarding innocence, lack of jurisdiction, and use of the products of torture, the respondents' failure in any fashion to contradict these claims demonstrates their veracity. *See United States v. Hale*, 422 U.S. 171, 176 (1975) (the failure to contest an assertion is considered evidence of acquiescence if it would have been natural under the circumstances to object to the assertion in question); *see generally* 5 Weinstein's Federal Evidence § 801.31[3][d] at 801-57 (2d ed. 2004). The tacit admissions provide key perspectives on the legal issues related to the stay.

Page 2   REPLY TO RESPONDENTS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTIONS TO LIFT OR MODIFY STAY

First, the respondents are asserting that the Court should delay consideration of an innocent person's habeas corpus petition pending the resolution of appeals unrelated to Abdul Rahim's jurisdictional arguments. The district courts did not address factual innocence and lack of jurisdiction during the litigation of *In re Guantanamo Detainees*, 355 F. Supp. 2d 443 (D.D.C. 2005), or in *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). Those cases dealt with the level of procedural protections appropriate during habeas review but did not involve affirmative evidence of factual innocence and lack of jurisdiction, nor did the petitioners present affirmative evidence that the results of torture were being used.

Second, this case involves no temporal basis for military jurisdiction. The respondents fail to address this Court's careful parsing of *Application of Yamashita*, 327 U.S. 1 (1946), in *Khalid* to determine that, in that case, the petitioners made a concession regarding the lawfulness of the military detention order. Stay Memo at 7-8. In contrast, the respondents in this case are tacitly admitting that, under the well-established temporal requirements from both *Hamdan v. Rumsfield*, 126 S. Ct. 2749 (2006), and the Winthrop treatise upon which it relies, no basis exists for the military to exercise jurisdiction over Abdul Rahim. Summary Judgment Memo at 5-9. The claim that the military can hold a person over whom it lacks jurisdiction, in a place where the United States exercises "complete jurisdiction and control" (*Rasul v. Bush*, 542 U.S. 466, 480 (2004)), is an unprecedented stretch of executive authority beyond anything authorized in *Yamashita*, *Ex parte Quirin*, 317 U.S. 1 (1942), or *Johnson v. Eisentragger*, 339 U.S. 763 (1950).

Page 3    REPLY TO RESPONDENTS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTIONS TO LIFT OR MODIFY STAY

Third, the use of the products of torture requires this Court to exercise its most basic constitutional function. Article 15 of the Convention Against Torture expressly bars the results of torture in any proceedings. The State Department expressly recognized that this article of the CAT applies to Combatant Status Review Tribunals and Administrative Review Boards. Stay Memorandum at 4 n.2. Further, use of the products of torture has its own substantive due process prohibition as well as violating customary international law. Yet as is evidenced by the submissions of Abdul Rahim, the CSRT and ARB relied on just such unuseable and unreliable information.

This Court has authority to determine its jurisdiction. *See United States v. United Mine Workers*, 330 U.S. 258, 291 (1947). As this Court recognized in *Khalid*, any question regarding this Court's jurisdiction hinges on whether the military has authority over Abdul Rahim. Because the CSRT and ARB are not competent tribunals to detain Abdul Rahim, this Court must make threshold jurisdictional determinations as the Court did in *Ex parte Milligan*, 71 U.S. 2 (1866). In discussing the authority of the courts to address Milligan's claims, the Supreme Court stated:

> The suspension of the privilege of the writ of habeas corpus does not suspend the writ itself. The writ issues as a matter of course; and on the return made to it the court decides whether the party applying is denied the right of proceeding any further with it.

71 U.S. at 131. The Court then went on to consider whether the facts showed "that Milligan was a prisoner of war, and, therefore, excluded from the privilege of the statute." *Id.* The Court concluded that Milligan was not a prisoner of war and not covered by the suspension

statute, and, therefore, the Court granted the writ. *Id.* Similarly, in *Duncan v. Kahanamoku*, 327 U.S. 304 (1946), the Court took jurisdiction and determined that the petitioner did not fall within the class of people to whom the Hawaiian martial law declaration applied. *See also United States v. Vitalo*, 2 U.S. (Dall.) 370 (C.C. D. Pa. 1797) (where prisoner had not been naturalized, writ granted to free him from treason charge).

Abdul Rahim is in a directly analogous situation: temporarily and factually there is no basis for Department of Defense jurisdiction. The respondents should be deemed to have admitted the facts establishing that Abdul Rahim's habeas corpus petition implicates core constitutional and human rights that require immediate redress.

**B.     The Respondents' Reliance On Statutes Is Misplaced, Especially Given The CSRT's Use Of The Results Of Torture.**

The respondents make no effort to rebut the three places in which the *Hamdan* majority found that the DTA did not retroactively strip habeas jurisdiction. Stay Memorandum at 9-10. The respondents' claim that the limited review in the circuit court can substitute for habeas corpus proceedings is especially unavailing given the facts of this case.

The respondents rely on the statute allowing challenges to whether procedures were followed from a "final decision" of the CSRT. Opposition at 3 n.2. This petition challenges far more than procedures; Abdul Rahim asserts no jurisdiction exists, an inquiry far beyond the bailiwick and expertise of the CSRT. Further, the DTA itself recognized that no "final decision" had been rendered because, in the same statute, it ordered the promulgation of rules to address procedural weaknesses, including the use of the results of torture. Until such rules

are promulgated, no "final decision" has been rendered and, in the absence of any available remedy, habeas jurisdiction would lie even if the DTA applied retroactively.

Not only are there no rules in place, in this particular case, no "final decision" has been reached because the CSRT (and the ARB) openly used the products of torture. The State Department's declaration that CAT Article 15 applies to CSRT and ARB proceedings merely recognized the application of the CAT and customary international law that precluded use of the products of torture from the outset of Abdul Rahim's detention. Given the uncontested and readily apparent use of torture in Abdul Rahim's CSRT, the current detention cannot be considered a "final decision" by a competent tribunal where both regulations yet to be promulgated and State Department proclamations render the former proceedings invalid.

The habeas corpus and constitutional issues set out in the stay motion require this Court to rule on the merits forthwith, without further irreparable harm to Abdul Rahim, either as a matter of statutory construction or to comply with the direct requirements of the Constitution.

C.  **The Cascade Effect Is No Reason To Continue The Indefinite Detention Of An Innocent Man.**

The respondents ask the Court to stay the proceedings out of concern that "such relief would trigger a cascade effect in other Guantanamo detainee cases." Opposition at 7. The respondents ignore the teachings of *Yong v. INS*, 208 F.3d 1116 (9th Cir. 2000), and *McClellan v. Young*, 421 F.2d 690, 391 (6th Cir. 1970), that the federal courts should not stay

proceedings in habeas corpus cases solely because the same issue is present in other cases as well. *Accord Landis v. N. Amn. Co.*, 299 U.S. 248, 254-55 (1936). That principle is particularly applicable in this situation in which the Court has been presented with a factual record affirmatively and conclusively demonstrating the unlawfulness of a petitioner's detention and the irreparable harm that he suffers with every additional day of delay. Abdul Rahim has presented unique and very narrow bases for immediate relief. To the extent other detainees are able to make similar showings, a cascade of justice is not a bad thing.

**Conclusion**

For the foregoing reasons and those stated in the petitioner's memorandum, the Court should lift or modify the stay.

Respectfully submitted October 17, 2006.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Stephen R. Sady
Stephen R. Sady
Chief Deputy Federal Public Defender

/s/ Patrick J. Ehlers
Patrick J. Ehlers
Assistant Federal Public Defender