Steven T. Wax, OSB #85012
Federal Public Defender
steve_wax@fd.org
Stephen R. Sady
Chief Deputy Federal Public Defender
steve_sady@fd.org
Patrick J. Ehlers
Assistant Federal Public Defender
patrick_ehlers@fd.org
101 SW Main Street, Suite 1700
Portland, Oregon 97204
Tel:    503-326-2123
Fax:    503-326-5524

Attorneys for Petitioner

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL RAHIM ABDUL RAZAK AL GINCO, <br><br> Petitioner, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents. | CV 05-1310-RJL <br><br> SECOND DECLARATION OF STEPHEN R. SADY IN SUPPORT OF EMERGENCY MOTION FOR HEARING REGARDING STAY |

I, Stephen R. Sady, hereby depose and declare:

1.    This declaration is to supplement my declaration of January 29, 2007, regarding

additional information received since that time that corroborates the imminent and irreparable harm

that my client, Abdul Rahim Abdul Razak Al Ginco, is experiencing during the time his case is being stayed without consideration of his claims. On February 2, 2007, I received the translation of a letter from Abdul Rahim, dated January 1, 2007, stating that he has lost hope, is suicidal, and fractured a neck vertebrae during a suicide attempt, which resulted in loss of control of some bodily functions and severe pain.

2.      As set out in the first declaration, Abdul Rahim was in psychological distress and had suffered a self-inflicted gash on his forehead when I saw him on December 13, 2006. He responded positively to my visit and stated at that time that he would refrain from self-injury. I was very concerned because medical personnel were apparently either unaware or unbelieving that Abdul Rahim was a Taliban torture victim and political prisoner for almost two years before his American custody began.

3.      With the permission and assistance of opposing counsel, on December 20, 2006, I provided to Guantanamo medical personnel evidence documenting the torture Abdul Rahim suffered as well as a letter from an internationally recognized psychiatric expert, Dr. J. Mark Kinzie, who specializes in the treatment of torture victims. Because I was concerned for Abdul Rahim's health and well-being, and because my relationship with Abdul Rahim appeared to be helpful to mitigating his distress, I requested that I be informed of any problems and offered to be available on short notice as follows:

> I would also request that I be notified any time there is difficulty regarding Abdul Rahim, especially regarding self-injury. I believe the period of time I spent with Abdul Rahim last Wednesday considerably calmed what was a fraught situation. I would be glad to be available by telephone or for emergency trips as needed to address urgent situations that may arise.

The packet of information included the documents filed at Docket Sheet 37 and Dr. Kinzie's letter and resume attached to Docket Sheet 50.

4.    On January 19, 2007, I received an email notice from the Privilege Team, posted at 2:16 p.m., stating that I had a letter from Abdul Rahim and asking whether I wanted it to be cleared. I responded that day at 2:32 p.m., requesting that the letter be cleared and faxed to me. After not receiving a response, I emailed the Privilege Team on January 25, 2007, at 6:02 p.m., inquiring regarding the status of the letter.

5.    On January 29, 2007, I finalized the documents related to the emergency motion for a hearing regarding the stay, which were given to Federal Express for filing the first thing the next morning. Later on January 30, 2007, I received a telephone call from the Privilege Team in which I was informed that Abdul Rahim spoke of killing himself in the letter. On the basis of my December visit, I advised that I believed the Joint Task Force was aware that Abdul Rahim was suicidal, that the time from mailing probably negated imminence, and that I had just sent material to the Court regarding our concerns for Abdul Rahim.

6.    I received a fax from the Privilege Team dated January 30, 2007, posted at 18:04, with four pages of writing in Arabic. The following day, my investigator faxed those pages to an Arabic interpreter. On February 1, 2007, I received the identical four pages with a fifth page that included a short blacked out portion, which I also forwarded to the Arabic interpreter.

7.    On February 2, 2007, at about noon, I received the translation of a letter from Abdul Rahim. In the letter, Abdul Rahim stated in part:

> I would like to inform you that I am determined to continue my death attempts till the last breath of my miserable life. I lost hope. I also would like you to know that I

made a serious attempt to hang myself, and my attempt succeeded to a certain degree, and one bone of my vertebral column was broken; . . .

He also stated:

Let it be known to you that I am crying while writing this letter because of hopelessness and distress. I don't know what to do. You and my family members are free and I am imprisoned and captive moving from one prison to another. I ask you to forgive me about whatever I do, but I have no other way to express my hopelessness.

Abdul Rahim also asserted that military personnel at Guantanamo have disseminated false information about him that is endangering him. At the bottom of the letter, the date "January 1, 2007" appears.

8.     Shortly thereafter, I called first to DOJ counsel Andrew Warden, then, in his absence, to Terry Henry. Mr. Henry advised that the Respondents had no obligation to advise me regarding my client's condition and that a request for a telephone call with Abdul Rahim could be forwarded to Guantanamo Bay. Pursuant to Mr. Henry's suggestion, I sent an email to Mr. Henry on February 2, 2007, at 3:23 p.m. with two attached letters, one to Mr. Henry confirming our conversation (Exhibit A to this Declaration) and the other directed to the Commander of the Naval Base, Rear Admiral Harry B. Harris, Jr., requesting an immediate telephone call with Abdul Rahim (Exhibit B to this Declaration). I had not received a response by the end of the business day today.

9.    I believe the foregoing strongly reinforces the facts set forth in my Declaration of

January 29, 2007, establishing that Abdul Rahim is experiencing serious and irreparable harm from

the continued stay and that a hearing on this matter should be set as soon as practical.

Dated and signed this __5th__ day of February, 2007.

Stephen R. Sady
Chief Deputy Federal Public Defender

SUBSCRIBED AND SWORN to before me this 5th day of February, 2007.

Notary Public for Oregon
My Commission expires: _10/28/2009_

OFFICIAL SEAL
**JILL C DOZARK**
NOTARY PUBLIC-OREGON
COMMISSION NO. 398412
MY COMMISSION EXPIRES OCTOBER 28, 2009

# EXHIBIT A

# FEDERAL PUBLIC DEFENDER
## DISTRICT OF OREGON

### 101 SW Main Street, Suite 1700
### Portland OR 97204
### 503-326-2123 / Fax 503-326-5524

STEVEN T. WAX
  Federal Public Defender
STEPHEN R. SADY
  Chief Deputy Defender
Steven Jacobson
Bryan E. Lessley ▲
Nancy Bergeson
Christopher J. Schatz
Ellen C. Pitcher
Craig Weinerman ▲
Mark Bennett Weintraub ▲
Gerald M. Needham
Thomas J. Hester
Ruben L. Iñiguez
Anthony D. Bornstein
Donnal S. Mixon+

Lisa Hay
Tonia L. Moro+
Susan Russell
Patrick Ehlers
Francesca Freccero
C. Renée Manes
Matthew M. Rubenstein
Caroline Davidson
Nell Brown
Amy Baggio
Lynn Deffebach⋆
Kristina Hellman⋆
Michelle Sweet⋆
▲ Eugene Office
+ Medford Office
⋆ Research/Writing Attorney

Branch Offices:

151 W. 7th, Suite 510        15 Newtown Street
Eugene, OR 97401            Medford, OR 97501
541-465-6937                        541-776-3630
Fax 541-465-6975              Fax 541-776-3624

February 2, 2007

Terry Henry
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7144
Washington, D.C. 20044

Re:    *Abdulrahim Abdul Razak Al Ginco v. George W. Bush, et al.*
       CV 05-1310 RJL

Dear Mr. Henry:

This is to confirm our conversation of February 2, 2007, in which I advised you that I had just received the translation of a letter, dated January 1, 2007, in which Abdul Rahim advised us that he had a broken bone in his neck from a suicide attempt, and I requested a telephone conference with our client as soon as possible.

We had received no previous notice regarding this incident. I also advised you that on December 20, 2006, I provided Mr. Warden and JTF Captain John Eskelson with a letter regarding my concerns based on self-injury episodes during my time in Guantanamo between December 11 and 13, 2006. In the letter to Captain Eskelson of December 20, 2006, we provided material showing that Abdul Rahim is a Taliban torture victim who is suffering post-traumatic stress disorder and needs special consideration and treatment. I also stated:

I would also request that I be notified any time there is difficulty regarding Abdul Rahim, especially regarding self-injury. I believe the period of time I spent with Abdul Rahim last Wednesday considerably calmed what was a fraught situation. I would be glad to be available by telephone or for emergency trips as needed to address urgent situations that may arise.

February 2, 2007
Page 2


In response, you advised me that the respondents were under no obligation to accede to my request for notification.

I also stated that I wanted to know the current status of Abdul Rahim and to talk with him by telephone at the soonest opportunity. You stated that you would forward my request by email to Guantanamo Bay. I am attaching to this letter a separate letter directed to the authorities on Guantanamo requesting the telephone conference.

Thank you for your attention to this matter.

Yours truly,

Stephen R. Sady
Chief Deputy Federal Public Defender


SRS/jcd
Attachment

# EXHIBIT B

# FEDERAL PUBLIC DEFENDER
## DISTRICT OF OREGON

STEVEN T. WAX
  Federal Public Defender
STEPHEN R. SADY
  Chief Deputy Defender
Steven Jacobson
Bryan E. Lessley ▲
Nancy Bergeson
Christopher J. Schatz
Ellen C. Pitcher
Craig Weinerman ▲
Mark Bennett Weintraub ▲
Gerald M. Needham
Thomas J. Hester
Ruben L. Iñiguez
Anthony D. Bornstein
Donnal S. Mixon+

**101 SW Main Street, Suite 1700**
**Portland OR 97204**
**503-326-2123 / Fax 503-326-5524**

Branch Offices:

151 W. 7th, Suite 510          15 Newtown Street
Eugene, OR 97401              Medford, OR 97501
541-465-6937                        541-776-3630
Fax 541-465-6975                Fax 541-776-3624

Lisa Hay
Tonia L. Moro+
Susan Russell
Patrick Ehlers
Francesca Freccero
C. Renée Manes
Matthew M. Rubenstein
Caroline Davidson
Nell Brown
Amy Baggio
Lynn Deffebach★
Kristina Hellman★
Michelle Sweet★
▲ Eugene Office
+ Medford Office
★ Research/Writing Attorney

February 2, 2007

Rear Adm. Harry B. Harris, Jr.
Joint Task Force - Guantanamo Bay
c/o Terry Henry
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7144
Washington, D.C. 20044

      Re:    Abdulrahim Abdul Razak Al Ginco
            ISN 489

Dear Admiral Harris:

      This letter is to request that a telephone conversation be arranged between me and Abdul Rahim as soon as possible. This request is based on the letter dated January 1, 1007, that I received January 31, 2007, which was translated today, stating that Abdul Rahim has suffered an injury to his neck vertebra during a suicide attempt. Pursuant to Section VIII of the Protective Order, I believe this circumstance easily meets the "special circumstances" standard for the arrangement of immediate contact with counsel.

      To provide you some context, during my visit to Guantanamo between December 11 and 13, 2006, Abdul Rahim was in serious psychological distress and had suffered self-injury, including a gash in his forehead. During my time there, I learned that the medical staff was apparently unaware that Abdul Rahim was a torture victim and political prisoner of the Taliban for the two years before coming into American custody. On December 20, 2007, I sent Captain Jon Eskelson of the legal department for the Joint Task Force a packet providing evidence corroborating Abdul Rahim's testimony about having been a torture victim. In my letter, I expressed our concern regarding his health and safety and stated:

February 2, 2007
Page 2

> I would also request that I be notified any time there is difficulty regarding
> Abdul Rahim, especially regarding self-injury. I believe the period of time I
> spent with Abdul Rahim last Wednesday considerably calmed what was a
> fraught situation. I would be glad to be available by telephone or for
> emergency trips as needed to address urgent situations that may arise.

Both the practical assistance of contact with his lawyers and the humanitarian need for us to
communicate would warrant the requested telephone conference.

In addition, we need to consult with Abdul Rahim regarding pending legal matters.
On January 29, 2007, we submitted to Judge Leon a motion, supported by my declaration,
requesting an emergency hearing on Abdul Rahim's case based on our concerns for his health
and safety. On January 30, 2007, after the motion had been sent my Federal Express to the
court security office, we received notification that a letter, upon which we requested
clearance on January 19, 2007, had not yet been cleared, but included information regarding
Abdul Rahim's having self-destructive thoughts. We received a fax of the document on
January 31, 2007, which we gave to an Arabic translator. On February 2, 2007, we received
the translation which, for the first time, notified us that Abdul Rahim was not only
contemplating suicide but had engaged in a self-destructive act that had resulted in serious
physical injury. We need to confer with Abdul Rahim immediately regarding potential legal
steps and consequences regarding his pending motions and potential filings.

For the foregoing reasons, please arrange for a telephone conference with me
forthwith. I can be reached at work at (503) 326-2123; at home at (503) 235-3941; my cell
at (503) 490-2398. If you have any questions, please contact me immediately.

Thank you for your attention to this matter.

Yours truly,

Stephen R. Sady
Chief Deputy Federal Public Defender

SRS/jcd