IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL RAHIM ABDUL RAZAK AL GINCO | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) )    Civil Action No. 05-CV-1310 (RJL) |
| GEORGE W. BUSH, <u>et al.</u>, | ) ) ) |
| Respondents. | ) ) |

## RESPONDENTS' OPPOSITION TO EMERGENCY MOTION FOR HEARING REGARDING STAY

Respondents hereby oppose petitioner's Emergency Motion for Hearing Regarding Stay (dkt. no. 50) (Feb. 2, 2007) ("Emergency Motion"), in which petitioner seeks a hearing and a ruling on his previously filed Motion to Lift or Modify Stay for Consideration of Motion for Partial Summary Judgment or, in the Alternative, an Order to Show Cause (dkt. no. 35) (Sept. 25, 2006) ("Motion to Lift Stay") (collectively "petitioner's motions"). Both petitioner's Emergency Motion and his Motion to Lift Stay should be denied because the Military Commissions Act of 2006 and the Detainee Treatment of Act of 2005 deprive this Court of jurisdiction over petitioner's case and vest exclusive jurisdiction in the Court of Appeals. Furthermore, petitioner's motions should be denied because petitioner has not set forth any compelling basis for lifting the stay that the Court previously imposed based on the pendency of three cases currently on appeal in the D.C. Circuit in which issues relating to the reach and effect of the jurisdictional statutes are squarely raised. <u>See</u> Order (dkt. no. 5) (Oct. 24, 2005). Those cases remain pending in that court, and petitioner has not offered a sufficient legal or factual basis for lifting the stay. Accordingly, the Court should summarily deny petitioner's motions.

## ARGUMENT

I.     **THE COURT SHOULD DENY PETITIONER'S MOTIONS BECAUSE THE MILITARY COMMISSIONS ACT OF 2006 AND THE DETAINEE TREATMENT ACT OF 2005 WITHDREW THIS COURT'S JURISDICTION IN FAVOR OF EXCLUSIVE JURISDICTION IN THE COURT OF APPEALS.**

Petitioner's motions should be denied because the Military Commissions Act of 2006,

Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), which became law on October 17, 2006, and the

Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"),

remove this Court's jurisdiction over this action and vest it exclusively in the D.C. Circuit.  The

MCA amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have

jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States

as enemy combatants, or (2) any other action "relating to any aspect of the detention, transfer,

treatment, trial, or conditions of confinement" of such aliens, except for the exclusive review

mechanism in the D.C. Circuit created under the DTA for addressing the validity of the detention

of such aliens.  See MCA § 7(a).  Further, this new amendment to section 2241 took effect on the

date of its enactment, and it applies specifically "to all cases, without exception, pending on or

after the date of the enactment of this Act which relate to any aspect of the detention, transfer,

treatment, trial, or conditions of detention of an alien detained by the United States since

September 11, 2001."  Id. § 7(b); see Hamdan v. Rumsfeld, 2006 WL 3625015 at *3 (D.D.C.

2006), appeal pending, (dismissing detainee habeas case on basis of holding that MCA's

language was sufficiently clear and retroactively removed federal court habeas jurisdiction with

regard to detained enemy combatants, except for the exclusive review mechanism in the D.C.

Circuit).

The review mechanism created by the DTA, in turn, invests the D.C. Circuit with

exclusive jurisdiction to address the validity of the detention of aliens as enemy combatants by the United States, including at Guantanamo Bay, and of final decisions of any military commissions.[1]  See DTA § 1005(e)(2)–(3), as amended by MCA.  Section 1005(e)(2) of the DTA states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.[2]  The Court in this and other cases previously has acknowledged that the DTA "creates an exclusive review mechanism in the District of Columbia Circuit Court to address the validity of the detention of such aliens held as enemy combatants."  See Memorandum Opinion (dkt. no. 31) (Aug. 28, 2006).

---

[1]  The Supreme Court in Hamdan held that the provision of the DTA withdrawing district court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, see DTA § 1005(e)(1), did not apply to habeas petitions pending prior to the enactment of the DTA.  See Hamdan v. Rumsfeld, 548 U.S. --, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006).  As explained above, however, Congress has now addressed the matter through passage of the MCA, which unambiguously withdraws district court jurisdiction in all pending cases such as this, in favor of the exclusive review mechanism available in the Court of Appeals.  See MCA § 7; Hamdan v. Rumsfeld, 2006 WL 3625015 at *3 (D.D.C. 2006).

[2]  Even prior to the enactment of the MCA, the DTA's investment of exclusive jurisdiction in the Court of Appeals over cases challenging the validity of the detention of enemy combatants, standing alone, deprived district courts of jurisdiction over such cases.  See, e.g., Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Telecomms. Research & Action Ctr. v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power.").  In any event, with the enactment of the MCA, district court jurisdiction unambiguously has been withdrawn.

Accordingly, rather than seeking redress from this Court, which is without jurisdiction to grant any of petitioner's requested relief, petitioner instead should lodge his challenges to his detention with the D.C. Circuit Court of Appeals in accordance with the DTA.  It is clear that petitioner's Emergency Motion and his Motion to Lift Stay ultimately seek to have the Court consider petitioner's challenges to the validity of his detention as an enemy combatant that are set forth in his Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment or, in the Alternative, an Order to Show Cause ("Motion for Summary Judgment") (dkt. no. 37) (Oct. 10, 2006).  In his Emergency Motion, petitioner explicitly asks the Court to hold a hearing and make a ruling on his Motion to Lift Stay "in order to reach a decision on the merits of the Motion for Summary Judgment . . . ."  Emergency Motion at 2. Petitioner's Motion for Summary Judgment, in turn, alleges that petitioner is not an enemy combatant and thus challenges the determination of the Combatant Status Review Tribunal.  <u>See</u> Motion for Summary Judgment; <u>see also</u> Emergency Motion at 6 (alleging that petitioner "is innocent of being an enemy combatant").  Petitioner's underlying claims disputing his status as an enemy combatant thus would appear to fall squarely within the substantive scope of section 1005(e)(2) of the DTA as challenges to "the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant . . ." and as such should be addressed, if to any court, to the D.C. Circuit.

Granting the relief petitioner requests thus would be an assertion of jurisdiction and authority by the Court in this case that is inconsistent with the DTA's investment of exclusive jurisdiction in the Court of Appeals and the MCA's withdrawal of other forms of jurisdiction, and respondents' jurisdictional argument is in no way immaterial or premature.  <u>See</u> <u>Steel Co. v.</u>

Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").  Indeed, petitioner is not entitled to ignore the governing statutes and obtain relief from the Court, i.e., an order requiring a hearing and a ruling on the Motion to Lift Stay or on the Motion for Summary Judgment, as if the statutes do not exist.  Whatever arguments may be marshaled in favor of the existence of some form of jurisdiction ancillary to that in the Court of Appeals provided by the DTA and MCA, it is clear that such jurisdiction would not reside in the District Court, as opposed to some other court.  See Telecomms. Research & Action Ctr., 750 F.2d at 75, 78–79; see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (citation omitted)).  Accordingly, petitioner's motions should be denied summarily for lack of subject matter jurisdiction.

II.    **THE COURT SHOULD DENY PETITIONER'S MOTIONS BECAUSE THERE HAS BEEN NO CHANGE IN CIRCUMSTANCES THAT WARRANTS LIFTING THE STAY.**

Petitioner's motions also should be denied because petitioner has failed to provide a sufficient legal or factual basis to justify departure from the stay in this case for purposes of the requested relief.  See Order (dkt. no. 5) (Oct. 24, 2005) (staying this case).  The Court stayed this case "pending resolution of all appeals in Khalid v. Bush, No. 04-CV-1142 (RJL), and Boumediene v. Bush, No. 04-CV-1166 (RJL), see D.C. Circuit Nos. 05-5062, 05-5063, and in the In re Guantanamo Bay Detainee Cases, No. 02-CV-0299, et al., see D.C. Circuit No. 05-

8003." Id. at 1-2.[3]  These appeals have not been resolved, and they implicate significant issues

regarding how Guantanamo detainees' challenges to their detention should proceed in this Court,

if at all.  In the pending appeals, the D.C. Circuit will consider the jurisdictional impact of the

DTA and the MCA, which were the subject of supplemental briefing in the Court of Appeals.

Further, the Court of Appeals will determine substantive issues regarding the rights available, if

any, to detainees at Guantanamo under the Fifth Amendment and various statutes and treaties.  In

light of the potential for the D.C. Circuit's rulings to moot or at least significantly impact the

legal bases for and future proceedings on petitioner's habeas petition, and the likelihood that any

decision by this Court granting any relief to petitioner would have to be relitigated or revisited

once the Court of Appeals provides its guidance, this Court should deny petitioner's motions

pending resolution of these appeals.

         This Court previously has denied motions in this action based on the fact that the

jurisdictional implications of the DTA and the MCA are pending before the D.C. Circuit.  See

Memorandum Opinion (dkt. no. 31) (Aug. 28, 2006) (denying respondents' motion for

procedures related to review of certain detainee materials based on the fact that "as a matter of

prudential deference, the Court should not exercise jurisdiction and insinuate itself to provide

this form of prophylactic relief . . . pending the outcome of the overarching jurisdictional issues

on appeal in our Circuit.").  Furthermore, one Judge of this court recently has denied all pending

motions in and administratively closed each of his Guantanamo detainee cases in light of the fact

that the MCA raises serious questions concerning whether the district court retains jurisdiction

_____

         [3] In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), is before the
Court of Appeals as Al Odah v. United States, No. 05-5064.  Khalid v. Bush, 355 F. Supp. 2d
311 (D.D.C. 2005), is before the Court of Appeals as Boumediene v. Bush, No. 05-5062.

over such cases and the fact that those jurisdictional questions remain pending before the D.C.

Circuit. See, e.g., Amon v. Bush, et al. No. 05-CV-1493 (RBW), Order (dkt. no. 32) (Jan. 31,

2007).[4]  Additionally, as mentioned above, there is no need for the Court to lift the stay because

the petitioner currently is free to challenge his detention as an enemy combatant directly in the

Court of Appeals under the exclusive review mechanism provided in the DTA.

       Even apart from the jurisdictional obstacles to petitioner's requests for relief, petitioner's

motions should be denied because his factual assertions alleging that he recently has been

subjected to harsher treatment at Guantanamo do not warrant court intervention.  Petitioner relies

entirely on two hearsay news reports indicating that security procedures at Guantanamo

generally have been tightened. See Emergency Motion at 4 (citing December 16, 2006 New

York Times article and January 26, 2007 Reuters article).  The record created by petitioner does

not show in what ways he himself might have been subjected to harsher treatment; consequently,

his contentions about his treatment are merely speculative and should carry no weight.

Furthermore, although the government does not contest the proposition that petitioner has

exhibited signs of mental illness, as indicated in previous filings, Guantanamo provides

extensive medical and psychological care to all detainees. See Declaration of Captain Ronald L.

Sollock, M.D., Ph.D., filed in Khan, et al. v. Bush, No 06-CV-1609 (RBW) (attached hereto as

Exhibit A).  In particular, a 21-member Behavioral Health Service (BHS) staff, which includes a

board certified psychiatrist and a Ph.D. psychologist, conducts mental health assessments,

---

    [4]  While the approach taken by Judge Walton in Amon has not been unanimously adopted by the judges of this Court, see, e.g., Razakah v. Bush, No. 05-CV-2370 (EGS) (D.D.C.) (dkt. no. 52) (granting motion for factual return notwithstanding jurisdictional issue), none of the many Guantanamo Bay detainees with habeas petitions pending in this Court has obtained anything like the merits relief that petitioner seeks on the present motions.

provides crisis intervention, develops individualized treatment plans, prescribes psychotropic

medication therapy, and formulates behavior modification plans for management of acute and

high risk behaviors that pose a threat to self or others.  Id. ¶ 7.  Petitioner's counsel's declaration

acknowledges that petitioner is receiving psychological treatment from the Guantanamo medical

staff, including psychotropic medications, for any psychological problems petitioner is

experiencing.  See Declaration of Stephen R. Sady ¶¶ 6, 9(d)-(e) (dkt. no. 51) (Feb. 2, 2007).[5]

Accordingly, there is no factual basis to warrant the Court's intervention in this matter.[6]  As a

result, the Court should deny petitioner's motions and keep the stay in place.

## CONCLUSION

For the foregoing reasons, petitioner's Emergency Motion and his Motion to Lift Stay

---

[5] Counsel's second declaration also does not warrant the relief petitioner seeks.  See Second Declaration of Stephen R. Sady in Support of Emergency Motion for Hearing Regarding Stay (dkt. no. 52) (Feb. 7, 2007).  If it demonstrates anything relevant to the present motion it underscores that fact that if petitioner wants speedy judicial relief he should proceed to the only court with which Congress has provided any jurisdiction in this context – the Court of Appeals for this Circuit.  In any event, Guantanamo is currently working to arrange logistics for a meeting, if possible, between petitioner and some of his attorneys for later this month.

[6] In any event, petitioner's complaints regarding his conditions of confinement, on which his Emergency Motion is based, are not judicially reviewable.  This Court on several occasions has determined that "the conditions under which a detainee is held . . . are the province of the Executive Branch to work out, with Congress's input, should it choose to give it; but it is not the province of the judiciary to insinuate itself into that process."  Memorandum Opinion at 12 n.16 (dkt. no. 31) (Aug. 28, 2006); see also Khalid v. Bush, 355 F. Supp. 2d 311, 328-29 (D.D.C. 2005) (explaining that management of wartime detainees' confinement conditions is the responsibility of the Executive and Legislative branches, thus precluding judicial scrutiny of such conditions).  Furthermore, the MCA explicitly prohibits federal court review of an enemy combatant's challenges to his conditions of confinement.  MCA § 7(a) (indicating that "no court, justice, or judge shall have jurisdiction to hear or consider any other action . . . relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of aliens detained as enemy combatants).

should be denied.

Dated: February 12, 2007                    Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            DOUGLAS N. LETTER
                                            Terrorism Litigation Counsel

                                               /s/ Edward H. White
                                            JOSEPH H. HUNT (D.C. Bar No. 431134)
                                            VINCENT M. GARVEY (D.C. Bar No. 127191)
                                            JUDRY L. SUBAR (D.C. Bar No. 347518)
                                            TERRY M. HENRY
                                            JAMES J. SCHWARTZ
                                            ROBERT J. KATERBERG
                                            ANDREW I. WARDEN
                                            NICHOLAS J. PATTERSON
                                            JAMES C. LUH
                                            NICHOLAS A. OLDHAM
                                            EDWARD H. WHITE (D.C. Bar No. 468531)
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Ave., N.W. Rm. 6110
                                            Washington, DC  20530
                                            Tel: (202) 514-5108
                                            Fax: (202) 318-4268
                                            E-mail: ned.white@usdoj.gov

                                            Attorneys for Respondents