**Steven T. Wax**
**Federal Public Defender**
steve_wax@fd.org
**Stephen R. Sady**
**Chief Deputy Federal Public Defender**
steve_sady@fd.org
**Patrick J. Ehlers**
**Assistant Federal Public Defender**
patrick_ehlers@fd.org
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:    503-326-2123
Fax:    503-326-5524

**Attorneys for Petitioner**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULRAHIM ABDUL RAZAK AL GINCO,**<br><br>                                    Petitioner,<br>v.<br>**GEORGE W. BUSH, et al.,**<br><br>                                    Respondents. | CV 05-1310-RJL<br><br>**NOTICE OF INTENTION TO FILE DTA PETITION IN THE CIRCUIT COURT OF APPEALS AND MOTION FOR STAY-AND-ABEY ORDER** |

The petitioner, Abdulrahim Abdul Razak Al Ginco, through his attorneys, Steven T. Wax, Stephen R. Sady, and Patrick J. Ehlers, notifies the Court that a Petition pursuant to the Detainee Treatment Act of 2005 will be submitted to the Court of Appeals for the District of Columbia in the

next 48 hours. This matter has been stayed on the Respondents' motion since October 24, 2005, and the petitioner's motion to lift the stay, filed on September 21, 2006, is currently pending. The DTA Petition has been filed in light of the statement of Justices Stevens and Kennedy on the denial of certiorari in *Boumediene v. Bush* regarding the exhaustion of available remedies under the DTA. 2007 WL 957363 (U.S., Apr. 2, 2007). The petitioner moves this Court to enter a "stay and abey" order while the DTA action is litigated in the appellate court. The results of the DTA litigation will provide the petitioner and this Court requisite information regarding disputed jurisdictional questions pending before this Court, and may result in a remand to this Court based on the military's lack of initial jurisdiction over the petitioner, or lead to a limited remand to this Court for resolution of controverted facts, or render moot some or all of the claims pending before this Court.

A.  **Where A Federal Habeas Petition Has Been Filed, And A Potential Remedy Remains To Be Exhausted, The Supreme Court Has Approved – And Under Circumstances Present Here Required – The Procedure Of Entering An Order Staying The Federal Habeas Proceeding And Holding The Case In Abeyance While The Potential Remedy Is Exhausted.**

In *Rhines v. Weber*, 541 U.S. 269 (2005), the Supreme Court explicitly approved the stay-and-abey procedure in the context of federal habeas corpus proceedings. In that case, the prisoner had filed a mixed habeas petition in federal court – one containing both claims exhausted through the state court system and unexhausted claims. Given the major procedural risks of a dismissal order, the Court found that District Courts have discretion to enter stay-and-abey orders in the federal habeas case while the unexhausted claims are presented to the state court. The federal habeas corpus case is stayed and held in abeyance for a reasonable time while available state remedies are exhausted.

The *Rhines* court found three preconditions for, in effect, mandatory stay-and-abey. In the absence of intentional dilatory tactics by the petitioner, "it would likely be an abuse of discretion to deny a stay and to dismiss" a petition if the petitioner has good cause for the failure to exhaust and the unexhausted claims are potentially meritorious. *Rhines*, 544 at 278; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). The conditions under which failure to stay-and-abey would constitute an abuse of discretion – no deliberate delay, good cause, and potentially meritorious claims – are abundantly present in this case.

First, Abdul Rahim has done nothing to delay and everything to accelerate this case. The stay that has kept his case inactive, except for issues relating to access and attorney-client relations, resulted from the government's motion eighteen months ago. The District Court filed Abdul Rahim's *pro se* submission as a petition for habeas corpus relief on June 30, 2005, and, through no fault of Abdul Rahim, counsel did not appear for him until April 11, 2006. Less than 120 days from Abdul Rahim's first meeting with counsel, the petitioner filed a motion to lift the stay along with a motion for summary judgment, supported by the results of international investigation exculpating him. Throughout the pleadings, the petitioner has repeatedly invoked the need for habeas relief to be prompt. Unlike the death penalty cases that caused the Supreme Court concern in *Rhines*, every day of delay is disastrous for Abdul Rahim.[1]

Second, there is good cause for the failure to exhaust: the potential remedy did not exist until after the habeas corpus petition was filed and did not purport to provide the habeas remedy to which

---

[1] In *Rhines*, three Justices concurred, stating that stay-and-abey is required in the absence of proof of "intentionally dilatory litigation tactics." 544 U.S. at 279 (Stevens, J., concurring, joined by Justices Ginsburg and Breyer).

Abdul Rahim was entitled at the time the petition was filed. In *Pace*, the Court noted that potential confusion regarding state remedies required equitable protections. 544 U.S. at 416. Those complexities are nothing compared to what Guantanamo detainees face. The questions left open in the Supreme Court's decision in *Rasul v. Bush*, 542 U.S. 466 (2004), which established a right to proceed under § 2241 at the time Abdul Rahim's petition was filed, and the subsequent Detainee Treatment Act of 2005 and Military Commission Act of 2006, have resulted in major complexities. The petitioner, from another country, speaking another language as his native tongue, did not even have the DTA remedy prior to October 2006 because, as the Supreme Court held, the DTA did not apply retrospectively to habeas corpus petitions filed prior to the effective date of the statute. *Hamdan v. Rumsfeld*, 126 S.Ct. 2749, 2762-69 (2006). With the passage of the MCA, Abdul Rahim briefed to this Court why the new statute does not apply to him due to the lack of initial jurisdiction for the military to seize him, an issue that will be maintained in the DTA petition filed with the Circuit Court of Appeals. Abdul Rahim had excellent reasons for not initiating the DTA procedures until the denial of certiorari in *Boumediene*.

Third, the claims raised both in this Court and the DTA petition are meritorious. The extraordinary factual development in this case establishes lack of initial jurisdiction, use of the results of Taliban torture against Abdul Rahim, and numerous violations of the Department of Defense's own standards and procedures as well as the laws and Constitution of the United States. The bottom line is simple: Abdul Rahim is innocent of being an enemy combatant; the military never had jurisdiction to detain him; and instead of caring for a victim of the Taliban who offered to testify to human rights violations, the Respondents are subjecting him to indefinite detention under harsh conditions that daily exacerbate his sufferings. In the event the case is remanded, or if the DTA

procedures prove an inadequate substitute for constitutionally-required habeas corpus procedures, this Court should be in position to proceed immediately on the issues raised and briefed on the pending motions, especially the motion for summary judgment.

Under the controlling authority of *Rhines*, the Court should enter an order staying the case, as it has been stayed to date, and holding the disposition of the merits in abeyance pending the outcome of the attached Petition For Immediate Release And Other Relief Under The Detainee Treatment Act Of 2005.

**B.    Maintenance Of The Status Quo Is Necessary For Adequate Exhaustion Of The DTA Proceedings In The Court Of Appeals.**

The Respondents oppose the motion for a stay-and-abey order. In the statement accompanying the *Boumediene* order, two Justices stated: "Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'" 2007 WL 957363 (Justices Stevens and Kennedy, statement respecting the denial of certiorari).[2] Any government action to limit the current level of access by counsel to Abdul Rahim severely prejudices both the DTA action and the habeas litigation. This Court should carefully protect the status quo by granting the stay-and-abey order to assure the petitioner is not prejudiced in his ability to litigate the DTA action and to preserve potential remedies before this Court.

The development of the necessary facts and the need for client consultation are basic to the attorney-client relationship. Under the ethical rules, the client must have the opportunity to advise

---

[2] Quoting *Padilla v. Hanft*, 547 U.S. 1062 (Kennedy, J., concurring in the denial of certiorari).

the attorney of relevant facts, to provide direction in the litigation, and to participate in tactical and strategic decisions. To accomplish these ethical obligations under the circumstances of Guantanamo detention has been a challenge.[3] Any disruption of the status quo would severely injure Abdul Rahim's ability to litigate the DTA proceedings and to maintain his separate claims for relief that are pending before this Court.

Under the facts of this case, involving a young man who suffered severe psychological damage from his years of torture and cruel imprisonment by the Taliban, the need to maintain contact is especially pressing. As the Court is aware from the emergency motion and supporting documents regarding the lifting of the stay, Abdul Rahim is severely depressed, suffering from Post-Traumatic Stress Disorder and Torture Syndrom, to the extent of self-injury. As Dr. Kinzie stated in his report, an essential part of treating torture victims is to have someone acknowledging their traumatic experience, which does not appear to be part of the treatment provided at Guantanamo. Counsel provides a life-line from despair that, if absent, will exacerbate the severe mental suffering with serious and potentially fatal consequences.

This Court has pending many pleadings regarding the Court's jurisdiction and authority to grant relief to Abdul Rahim. The denial of certiorari in *Boumediene* leaves unanswered predicate questions necessary to deciding the issues before the Court including: Does the DTA provide a forum for resolving issues regarding unlawful detention coextensive with traditional habeas corpus? If not, has the writ been unconstitutionally suspended or eliminated? Are the MCA and the DTA

---

[3]This Court received briefing and argument regarding these difficulties during the litigation of the filter team motion that resulted in the Court's decision in *Boumediene v. Bush*, 450 F.Supp.2d 25 (D.D.C. 2006).

**Page 6**   NOTICE OF DTA FILING IN THE CIRCUIT COURT OF APPEALS AND REQUEST FOR STAY-AND-ABEY ORDER

inapplicable given Abdul Rahim's unique jurisdictional arguments regarding the absence of initial military jurisdiction, which would foreclose the CSRT from constituting a competent tribunal to render any decision regarding him? Is the government taking "additional steps to prejudice the position of petitioners in seeking review of this Court" and, if so, should this Court "act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised"?

On the underlying questions regarding elimination of the writ of habeas corpus, because the constitutional question is contingent on the effectiveness of the DTA procedures, this Court has jurisdiction to determine its own jurisdiction. *Kircher v. Putnam Funds Trust*, 126 S.Ct. 2145, 2155 (2006) (a federal court's adjudicatory authority includes "its authority to determine its own jurisdiction"); *see also Ex parte Milligan*, 71 U.S. 2, 118, 131 (1866)(Court reviewed the underlying facts to determine that the predicates for military jurisdiction were lacking and granted writ of habeas corpus). The Court has insufficient information to answer a number of questions the DTA proceedings will answer. Further, if this Court eventually reaches the jurisdictional and constitutional questions, and rules adversely to Abdul Rahim, the Court must provide an adequate record for appellate and Supreme Court review, which requires that the present case remain in place until after the petitioner has exhausted the DTA procedures. During that process, the government should be foreclosed from prejudicing the petitioner's ability to litigate – at the District Court or Circuit Court level – these questions of obvious and historical importance.

**Conclusion**

For the foregoing reasons, this Court should enter an order preserving the status quo by continuing its stay of litigation going to the merits of the pending petition for a writ of habeas corpus and holding such litigation in abeyance pending the outcome of the Petition For Immediate Release and Other Relief Under The Detainee Treatment Act of 2005, which is presently pending in the Court of Appeals for the District of Columbia.

RESPECTFULLY SUBMITTED April 9, 2007.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Stephen R. Sady
Stephen R. Sady
Chief Deputy Federal Public Defender

/s/ Patrick J. Ehlers
Patrick J. Ehlers
Assistant Federal Public Defender