# EXHIBIT A

No. 07-1090

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ABDULRAHIM ABDUL RAZAK AL GINCO,

Prisoner, Guantánamo Bay Naval Station, Guantánamo Bay, Cuba,

Petitioner,

v.

ROBERT M. GATES,

Secretary of Defense of the United States of America,

Respondent.

---

REPLY TO RESPONDENT'S OPPOSITION TO
MOTION TO EXPEDITE

---

Steven T. Wax
Federal Public Defender
Stephen R. Sady
Chief Deputy Federal Public Defender
Patrick J. Ehlers
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204
Telephone: (503) 326-2123
Facsimile:  (503) 326-5524

Attorneys for Petitioner

**Introduction**

The Respondents' Opposition does not address the basic reasons for expedited consideration: likelihood of success on the merits; risk of irreparable harm; and the public interest in rapid resolution. All these factors favor granting of the motion. The Opposition is based on complaints regarding time, which are of Respondents' own making because all this material has been before them for over six months, and procedures, which involve obstacles within the Respondents' power to avoid. This case should not be delayed behind other litigation because it raises separate issues and, to the extent related issues are involved, the facts and arguments presented by Abdul Rahim should be included in this Court's determinations.

**A.   All The Factors Favoring Expedited Briefing And Disposition Are Present In This Case.**

This Court has noted three basic factors to consider on motions to expedite: whether the decision under review is subject to substantial challenge; whether delay will cause irreparable injury; and whether the public interest favors prompt disposition. United States Court of Appeal for the District of Columbia Circuit, Handbook of Practice and Internal Procedures, VIII (B) at 34. The Respondents' Opposition does not suggest that Abdul Rahim was not a Taliban torture victim and political prisoner, nor do they deny he has suffered seven years of incarceration

1

despite lack of initial military jurisdiction, and is now suffering deteriorating psychological conditions from his incarceration. Given the public interest in prompt and fair adjudication of the claims of an innocent man, all the factors favoring expedition are present in this case.

This case is in a different posture from other Guantánamo cases: Abdul Rahim is one of only three cases in which summary judgment motions were filed in the District Court based on international investigation. Abdul Rahim is likely to succeed on the merits because, among other reasons, he has established that his Combatant Status Review Tribunal (CSRT) used the products of Taliban torture, that the CSRT did not constitute a competent tribunal because there was no temporal nexus to the time of war, and that, as a political prisoner and witness to Taliban human rights violations, he is not an enemy combatant. The facts, which the Respondents do not claim to be able to controvert under oath, establish that Abdul Rahim is unlawfully detained and entitled to immediate release.

Just as the Respondents do not controvert that Abdul Rahim is an innocent man suffering prolonged unlawful incarceration, the Respondents do not contest the imminent, irreparable, and continuing harm that Abdul Rahim is suffering. The deteriorating psychological condition of a Taliban torture victim, including self-injury, provides a compelling and serious case for expedited disposition. The suffering of an

2

innocent person, who attempted to assist the United States regarding his Taliban torturers, and instead is suffering prolonged and harsh imprisonment by this Country, should be reviewed as soon as possible.

The public interest is aligned with Abdul Rahim's interests. This Country's prestige is injured with every additional day of wrongful incarceration of an innocent person; to the same extent, the national interest is served by prompt review and, if appropriate, exoneration and liberty for the petitioner. The DTA statute, as an alternative to habeas corpus, should incorporate the requirement of prompt disposition – which is already far delayed beyond the 20 day maximum return date under the habeas corpus statute.

The Respondents have failed to controvert the strong factors favoring expedited disposition in this meritorious and compelling case.

**B.    The Respondents' Complaints Regarding Time And The State Of The Record Are The Products Of Their Own Dilatory Tactics.**

The Respondents complain that they have not had "an adequate time to prepare a response" (Opp. at 7). The relevant facts and law have been served on the Respondents since mid-September 2006. To the extent the Respondents are suggesting they have not bothered to look into the facts developed and arguments articulated over

3

six months ago, they should not be rewarded for their disregard of exculpatory material.

The Respondents also claim that the case is not "ripe for a decision" based on the factual allegations (Opp. at 7). Abdul Rahim has presented a detailed statement of facts supported by strong corroborating evidence that establish his innocence. The claims are all stated within the scope of the DTA and require relief, unless the Respondents can controvert the material facts set forth by the petitioner. No further factual development or CSRT materials are needed, at least based on the first four claims for relief. The DTA does not require this Court to ignore the truth and disregard the facts. If such toothless review is what the DTA provides, this case should be expedited in order that the many constitutional issues resulting from such limited review, including suspension and elimination of the writ of habeas corpus, can be perfected for review by the Supreme Court.

The Respondents' plea for delay based on their failure to provide the classified Return and the supposed need for a new protective order are also the product of their own dilatory actions. The Respondents could provide the classified Return at any time, including now. Over six months ago, when the summary judgment motion was filed, Abdul Rahim filed an alternative motion for issuance of an order to show cause (CR 38). With the District Court protective order in place, there was no legitimate

4

reason for the Respondents to obstruct this process, especially given the overwhelming demonstration that Abdul Rahim is unlawfully detained. The protective order under which the current filings are made in this Court permit disclosure of all classified material to security-cleared counsel – the Respondents are simply choosing not to provide classified material, then asking for delay while a new and unnecessary procedure is debated.

The deliberate delay is further demonstrated by the Respondents' claim that the District Court proceeding "must be dismissed" (Opp. at 3). There is no legitimate reason why the District Court action, with its protective order and other procedures in place, should not simply continue to be stayed, permitting this Court to allocate its scarce resources to deciding the merits of these very important cases. Where non-frivolous arguments regarding jurisdiction are being litigated, both the Supreme Court and this Circuit have held that the courts have full authority to maintain the status quo. *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (explicitly approving stay-and-abey procedure and finding a likely abuse of discretion in the failure to stay-and-abey in the absence of deliberate delay); *United States v. United Mine Workers*, 330 U.S. 258, 290-91 (1997) (pending a decision regarding jurisdiction, the District Court had the power to enter orders maintaining the status quo); *accord In re Presidential Directors of Georgetown College*, 331 F.2d 1000, 1005 (D.C. Cir. 1964).

Instead of simply allowing this Court to do its substantial work under the DTA, the Respondents are sending this Court on a pointless detour, claiming the District Court cases should be dismissed and all the orders and informal mechanisms for litigation should be vacated. The Respondents have moved to dismiss Abdul Rahim's case in this Court and in the District Court, notwithstanding the DTA Petition's specific invocation of this Court's authority to remand the case in various forms or allow the record to be made for Supreme Court review. The petitioner's opposition to the motion to dismiss in this Court in No. 06-5191, which elaborates the reasons the underlying habeas cases should not be dismissed, is incorporated by this reference.[1]

The Supreme Court-approved procedure for maintaining a habeas petition while remedies are exhausted simply calls for continuation of the stay on the merits in the District Court, while permitting the mechanics of litigation to be regulated as before, without the delay the Respondents are asking for.

---

[1] Because the Court Security Officer has not cleared that document yet, it is not attached as an exhibit. Upon clearance, the pleading will be filed as an exhibit to this Reply.

6

### C. *Bismullah* And *Parahat* Raised Separate Issues That Do Not Need To Be Considered In The Context Of This Case.

Unlike the *Parahat* and *Bismullah* petitioners, Abdul Rahim's case is factually developed and legally briefed and ready for this Court to address the substantive issues raised in the Petition. The Respondents' Opposition does not suggest any facts presented can be controverted, nor is any discovery or classified material necessary. To the extent that the Respondents want to invoke classified material, Abdul Rahim's counsel is bound by the protective order and memorandums of understanding filed in the District Court.[2]

An important distinction between this case and the previous DTA litigation is that, since April 2, 2007, the Supreme Court's denial of certiorari has provided an alternative structure for DTA litigation: the filing of a DTA petition is necessary to exhaustion of remedies, which must be completed to determine the efficacy of the DTA alternative to habeas corpus and to establish the necessary record for full review by the Supreme Court based on the DTA litigation, if that litigation does not moot the District Court case. *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. denied*, 127 S.Ct. 1478 (Apr. 2, 2007).

---

[2] The procedures in place in the District Court have governed the filing of the Petition, the motion to expedite, and this reply to the Respondents' opposition to the motion to expedite.

7

Justices Stevens and Kennedy pointed to Supreme Court authority establishing that, given "our practice of requiring the exhaustion of available remedies as a precondition to accepting jurisdiction over applications for the writ of habeas corpus," denial of certiorari was appropriate "at this time." 127 S.Ct. at 1478.[3] The Justices specifically expressed concern regarding maintenance of the status quo during the litigation: "Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'" *Id.* Importantly, the Justices pointed out that the denial of certiorari does not finally determine the fate of other detainee's litigation: "And as always, denial of certiorari does not constitute an expression of any opinion on the merits." *Id.*

Entry of a protective order is unnecessary given the relationship between the DTA petition and the District Court proceedings. Abdul Rahim does not need the entry of a protective order in the Circuit Court to prevail, and the District Court's

---

[3] This Court presaged the exhaustion approach in *Boumediene*, where the Court noted its "only recourse" was dismissal because, at that time, the petitioners would not avail themselves of the potential DTA remedy. 476 F.3d at 994. Abdul Rahim's invocation of the DTA distinguishes his case from *Boumediene*.

protective order provides full protection to the competing interests of the Respondents and the petitioner during this litigation.

The Respondents' position will unnecessarily bog this litigation down in discussions of protective orders and procedures that unreasonably delays an already terribly delayed litigation effort. If the Respondents truly wanted to proceed with alacrity – as they claim (Opp. at 2)("The Government does not wish to delay resolution of the many petitions expected or already filed pursuant to the DTA.") – there is a simple expedient. The Respondents could agree to the Supreme Court-approved methodology of entering stay-and-abey orders in the District Court, rather than moving to dismiss. Given the split of the Justices in the *Boumediene* certiorari proceedings, the Respondents cannot in good faith argue that there is not a substantial issue regarding habeas corpus jurisdiction in the District Court. Under the controlling caselaw in the Supreme Court and in this Circuit, the District Court retains jurisdiction to preserve the status quo by maintaining preliminary orders, such as the protective order and the 30-day notice orders, while DTA remedies are exhausted and while further litigation following exhaustion, if necessary, occurs. The Respondents are making choices to prevent this Court from reaching the merits with the speed appropriate to the subject matter.

9

Abdul Rahim's simple proposal of proceeding on the demonstrated facts, with the opportunity for the Respondents to controvert the facts under oath, provides a reasonable and rapid method for review. His case should not trail any other case.

**Conclusion**

With a stay in place on the merits in the District Court as contemplated by *Rhines* and *United Mine Workers*, and with the District Court's protective order maintaining the status quo, this Court is free to move swiftly on the merits of the DTA remedy, upon which Abdul Rahim has made a strong showing of likely success on the merits. Once the DTA remedy is exhausted, the Court's action either renders the District Court proceedings moot, or otherwise resolves potential habeas corpus issues, or permits further litigation based on the facts developed in this Court regarding the efficacy of the DTA remedy as an alternative to habeas corpus. For the foregoing reasons and those stated in the motion to expedite and the DTA petition, this Court should grant the motion to proceed on the Petition filed, implement the requested briefing schedule, and grant special calendaring for oral argument.

RESPECTFULLY SUBMITTED April 24, 2007.

_Stephen R. Sady_/mmp
Stephen R. Sady
Chief Deputy Federal Public Defender
Of Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2007, I filed and served the foregoing Reply to Respondent's Opposition to Motion to Expedite by causing two copies to be delivered to the Privilege Review Team via Federal Express, with the original and four copies to be forwarded to the Court, and one copy to be conformed and returned to our office.

I further certify that upon receiving clearance from the Privilege Review Team, one copy will be forwarded to the following counsel of record via U.S. mail:

Peter D. Keisler
Jonathan F. Cohn
Douglas N. Letter
Robert M. Loeb
Catherine Y. Hancock
Civil Division, Room 7268
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Terry Marcus Henry
U.S. Department of Justice
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044

Judry Laeb Subar
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7342
Washington, DC 20530

