Steven T. Wax, OSB #85012
Federal Public Defender
steve_wax@fd.org
Stephen R. Sady
Chief Deputy Federal Public Defender
steve_sady@fd.org
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:   503-326-2123
Fax:   503-326-5524

Attorneys for Petitioner

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULRAHIM ABDUL RAZAK AL GINCO, <br><br> Petitioner, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents. | CV 05-1310-RJL <br><br> REPLY TO THE GOVERNMENT'S OPPOSITION TO MOTION TO LIFT STAY AND SCHEDULE EXPEDITED HEARING ON PENDING MOTION FOR SUMMARY JUDGMENT <br><br> EMERGENCY STATUS CONFERENCE REQUESTED |

The government's opposition seeks to further delay a case that is ripe for this Court's

adjudication and fulfills all of the requirements for expedited treatment.  This Court should

hold an emergency status hearing and set the summary judgment motion for expedited

disposition as required by the Supreme Court in declaring the right to a "prompt" habeas corpus hearing in *Boumediene v. Bush*, 2008 WL 236928 at *44 (U.S., June 12, 2008). The emergency status conference and expedited scheduling are appropriate because Mr. Ginco has demonstrated a substantial likelihood of success on the merits as well as unusually severe irreparable harm from further delay. Because the Court of Appeals granted a motion to expedite Mr. Ginco's case (Exhibit A), this Court should treat that determination as *res judicata* on the need for expedition. *See Richards v. Jefferson County, Ala.*, 517 U.S. 793, 797 n.1 (1996) (the doctrine of *res judicata* rests at bottom upon the ground that the party to be affected has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction).

### A.    Mr. Ginco Has Demonstrated A Substantial Likelihood Of Success On The Merits.

The Court has before it declarations and evidence establishing a *prima facie* case that Mr. Ginco is innocent under any reasonable definition of enemy combatant and that the military lacks jurisdiction over him. The Court should consider the statement of material facts and supporting exhibits filed on September 25, 2006, in support of summary judgment, as supplemented with additional material on October 10, 2006, and October 16, 2006, as affirmative evidence establishing substantial likelihood of success on the merits.

The Court should also consider admissions by the government in the Detainee Treatment Act action in this Circuit Court. On September 13, 2007, shortly after the Court

of Appeals granted Mr. Ginco's motion to expedite the proceedings, the government announced that, based on the evidence provided by Mr. Ginco's counsel, as well as based on independently gathered information, a new Combatant Status Review Tribunal (CSRT) was being convened (Exhibit B at 1). Under the military's own regulations, such action is only taken where the "new evidence" is "material," which means the "information creates a substantial likelihood that the 'new evidence' would have altered the CSRT's prior determination that the detainee is an enemy combatant." OARDEC Instruction 5421.1, *Procedure for Review of 'New Evidence' Relating to Enemy Combatant (EC) Status* (May 7, 2007). On June 19, 2008, the government stated that the review of the new CSRT is still ongoing (Exhibit C).

In other words, during the 20 months since the summary judgment motion was filed, the government has not only determined that the first CSRT is not valid, but, even without any participation by counsel for Mr. Ginco or other fair advocacy in the new CSRT proceedings, the government has been unable to arrive at a final decision. With this Court's independent judicial review, the hopelessly inadequate CSRT procedures and the lack of decision support a likelihood of success on the merits.

The legal issues regarding initial jurisdiction are precisely what this Court recognized as properly reviewed in *Khalid v. Bush*, 335 F.Supp.2d 311, 329 (D. D.C. 2005). In *Khalid*, this Court cited *In re Yamashita*, 327 U.S. 1, 8 (1946), for the proposition that the courts could always determine whether the military exercised proper jurisdiction in the first place

**REPLY TO THE GOVERNMENT'S OPPOSITION TO MOTION TO LIFT STAY AND SCHEDULE EXPEDITED HEARING ON PENDING MOTION FOR SUMMARY JUDGMENT**

over the detained alien. The four questions regarding initial jurisdiction listed in Mr. Ginco's motion to lift the stay are immediately susceptible of resolution in the context of the summary judgment motion.

In *Boumediene*, the Court found *Yamashita* to be distinguishable because, in the earlier case, the proceedings "had an adversarial structure that is lacking here." *Boumediene, supra*, at \*40. Even without full habeas corpus review, the issues raised by the summary judgment motion demonstrate a substantial likelihood of success under the Court's pre-*Boumediene* standards. *See also Ex parte Milligan*, 71 U.S. 2, 131 (1866) (deciding jurisdictional question of whether Milligan was a prisoner of war to whom suspension of habeas corpus applied). With *Boumediene*'s recognition of greater habeas rights, Mr. Ginco has established a substantial likelihood of success on the merits.

### B.     Each Day Of Delay Causes Serious Irreparable Harm To Mr. Ginco.

Mr. Ginco has spent six years in indefinite detention at Guantánamo, in addition to almost two years of torture and imprisonment by the Taliban in Kandahar. Counsel provided the Court with a motion prior to the Circuit Court's *Boumediene* decision requesting an emergency hearing on lifting the stay based on the psychological desperation Mr. Ginco was suffering (CR 50, 51, 52). On February 21, 2007, the day following the Circuit Court's *Boumediene* opinion, this Court denied the request for emergency hearing, apparently on jurisdictional grounds. Now that the jurisdictional question is resolved, the exigent

psychological problems continue to constitute unusually severe irreparable harm.[1] Mr. Ginco has demonstrated extreme irreparable harm from every passing day of his indefinite detention.

### C.    This Case Should Be Decided On Its Own With No Consideration Of Proceedings In Other Courts.

The government asks the Court to delay this case because of discussions with the Chief Judge. Mr. Ginco's situation is unique: unlike other habeas prisoners, he has made a factual showing from extrinsic evidence that he is being unlawfully held; unlike other habeas prisoners, the military itself has recognized that his initial CSRT decision was unreliable; unlike other habeas prisoners, Mr. Ginco has apparently had a team of government and military lawyers poring over his case for many months, so the evidence is readily accessible. The habeas norm requires a government answer within 20 days. 28 U.S.C. § 2243, ¶2. Mr. Ginco provided the government full discovery 20 months ago with the filing of the summary judgment motion and supporting exhibits. In this context, the "prompt" hearing required by *Boumediene* should require the government's response forthwith, without regard to litigation or discussions in other cases.

---

[1] In response to the continued delay in the Circuit Court waiting for a decision on the new CSRT, counsel provided additional information by affidavit regarding Mr. Ginco's continued extreme psychological distress. *Ginco v. Gates*, No. 07-1090 (filed June 10, 2008) (Exhibit D).

**Conclusion**

For the foregoing reasons, we respectfully request that the Court immediately order a status conference to schedule on an expedited basis the government's response to the motion for summary judgment and a hearing on the motion.

Respectfully submitted this 25th day of June, 2008.

/s/ Steven T. Wax and Stephen R. Sady
Steven T. Wax/Stephen R. Sady
Attorneys for Petitioner

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-1090                                    September Term, 2006

Filed On: August 23, 2007

[1062513]
Abdulrahim Abdul Razak Al Ginco,
            Petitioner

            v.

Robert M. Gates, Secretary of Defense,
            Respondent

        BEFORE:    Henderson, Griffith, and Kavanaugh, Circuit Judges

                        O R D E R

        Upon consideration of the motion to proceed on the original petition, to expedite, and to calendar specially for oral argument, the response thereto, and the reply; and the motions to govern and the responses thereto, it is

        ORDERED that expedition be granted.  The Clerk is directed forthwith to enter a schedule for the filing of the certified index to the record, as "record" is defined in Bismullah v. Gates, No. 06-1197, 2007 WL 2067938 (D.C. Cir. Jul. 20, 2007), and for briefing.  Petitioner's opening brief should address his claims in full, without reserving claims for later review and without incorporating by reference arguments contained in the petition for review.

                        Per Curiam

                                FOR THE COURT:
                                Mark J. Langer, Clerk

                    BY:

                        Deputy Clerk/LD

Exhibit A
Page 1 of 1

[ORAL ARGUMENT NOT YET SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————————————

| | | |
|---|---|---|
| ABDUL RAHIM ABDUL<br>RAZAK AL GINCO, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 07-1090 |
| v. | ) | |
| | ) | |
| ROBERT M. GATES, | ) | |
| | ) | |
| Respondent. | ) | |

————————————————

## RESPONDENT'S MOTION TO REMAND, OR, IN THE ALTERNATIVE, TO HOLD IN ABEYANCE PENDING FURTHER PROCEEDINGS OF THE COMBATANT STATUS REVIEW TRIBUNAL

Respondent Robert M. Gates respectfully moves for an order remanding this case to the Department of Defense, or in the alternative, holding the case in abeyance pending for further proceedings of the Combatant Status Review Tribunal ("CSRT"). On August 24, 2007, on the basis of evidence submitted by petitioner's counsel and additional evidence obtained independently the Deputy Secretary of Defense directed that a new CSRT be convened to reconsider petitioner's enemy combatant status. *See* Declaration of Frank Sweigert (Exhibit A). Accordingly, the decision that forms the basis of the instant petition for review is now non-final for purposes of judicial

review. The petition therefore should be remanded to permit the Department of Defense to conduct a new CSRT based upon new evidence.

1. Petitioner Abdul Rahim Abdul Razak al Ginco (ISN # 489) is a detainee at the United States Naval Base at Guantanamo Bay ("Guantanamo"). He brought the instant petition for review under the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, 119 Stat. 2680, challenging the determination of the Combatant Status Review Tribunal ("CSRT") that he is an enemy combatant.

2. The DTA directs the Secretary of Defense to promulgate procedures that, among other things, "provide for periodic review of any new evidence that may become available relating to the enemy combatant status of a detainee." DTA, § 1005(a)(1) & (3). On May 7, 2007, the Office of Administrative Review of the Detention of Enemy Combatants ("OARDEC") issued Instruction 5421.1 (Exhibit B hereto). The Instruction "creates a unified procedure for the submission of new evidence relating to a Guantanamo detainee's [enemy combatant] status * * *." *See* Instruction ¶ 1. The Instruction provides that a detainee may "submit evidence that is new and relates to the detainee's [enemy combatant] status" directly to the Director of OARDEC, or to his ARB, which will then forward such evidence to OARDEC. *Id.* ¶ 3. "[T]he Department reviews new evidence and may either direct that a CSRT convene to reconsider the basis of the detainee's [enemy combatant] status in light

2

of the new information, or determine that the new information does not warrant review by a CSRT." *Id.* ¶ 1.b.

"New evidence" is defined as "factual information that was not previously presented to the detainee's CSRT," and "that is material to the factual question of whether the detainee is an [enemy combatant]." *Id.* ¶ 4.a. Information is "'material' if it creates a substantial likelihood that the 'new evidence' would have altered the CSRT's prior determination that the detainee is an enemy combatant." *Id.* ¶ 4.a.(2). If the evidence is found to meet the 'new evidence' standard, the [Deputy Secretary of Defense] will direct that a CSRT convene to reconsider the basis of the detainee's [enemy combatant] status in light of the new information." *Id.* ¶ 5.b. If the evidence does not satisfy that standard, a new CSRT will not be conducted. *Id.* ¶ 5.c.

3. The Department has determined that a new CSRT should be convened to reconsider petitioner's status as an enemy combatant. We expect that the new CSRT will proceed expeditiously, and (barring unforeseen circumstances) will be convened within sixty days. Sweigert Decl., ¶ 5.

4. The determination to convene a new CSRT warrants a remand. Under the OARDEC Instruction, the new CSRT is designed to "reconsider the basis of the detainee's [enemy combatant] status * * *." Instruction, ¶¶ 1(b); 5(d). A request for agency reconsideration renders an agency's otherwise final action non-final with

3

respect to the requesting party. *See United Transportation Union* v. *ICC*, 871 F.2d 1114, 1116 (D.C. Cir. 1989). Indeed, a petition seeking review of such a non-final action is "incurably premature." *See TeleSTAR, Inc.* v. *FCC*, 888 F.2d 132, 134 (D.C. Cir. 1989); *cf. Lopez-Ruiz v. Ashcroft,* 298 F.3d 886, 887 (9th Cir.2002) (an agency's decision to reopen an administrative case to consider new evidence renders the decision non-final for purposes of judicial review). Should the new CSRT result in a finding that petitioner is an enemy combatant, he will be free to seek judicial review of that decision under the DTA.

5. In addition, remand here would avoid piecemeal appeals and serve judicial economy. If a new CSRT concludes that petitioner is not an enemy combatant, there will be no need for judicial review at all. Moreover, remand here would eliminate the possibility of multiple appeals. If this Court denies the instant petition on the basis of the record of the previous CSRT, petitioner will be free to seek judicial review of the new CSRT decision, and thus the Court would be required to adjudicate two cases, one on the basis of an outdated record and the other on the basis of the updated record.

6. In the alternative, the Court should hold this case in abeyance, to permit the agency to complete the new CSRT.

4

CONCLUSION

For the foregoing reasons, the Court should enter an order remanding this case to the agency, or, in the alternative, holding the case in abeyance pending completion of new CSRT proceedings.

<div style="margin-left:40%">

Respectfully submitted,

PETER D. KEISLER
 Assistant Attorney General

JONATHAN F. COHN
 Deputy Assistant Attorney General

DOUGLAS N. LETTER
 (202) 514-3602


ROBERT M. LOEB
 (202) 514-4332


MATTHEW M. COLLETTE
 (202) 514-4214
 Attorneys, Appellate Staff
 Civil Division, Room 7212
 U.S. Department of Justice
 950 Pennsylvania Ave., N.W.
 Washington, D.C. 20530

</div>

5

CERTIFICATE OF SERVICE

I certify that on September 13, 2007, I served the foregoing Respondent's

Motion To Remand, Or, In the Alternative, To Hold In Abeyance Pending Further

Proceedings of the Combatant Status Review Tribunal upon counsel of record by

causing a copy to sent by electronic mail and by express delivery service to:

Steven T. Wax
Federal Public Defender
Stephen R. Sady
Chief Deputy Federal Public Defender
Patrick J. Ehlers
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

Matthew M. Collette, Attorney

EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Abdul Rahim Abdul Razak Al Ginco,　)
　　　　　　　　　Petitioner　　　　)
　　　　　　　　　　　　　　　　)　　No. 07-1090
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
Robert M. Gates,　　　　　　　　)
Secretary of Defense,　　　　　　　)
　　　　　　　　　Respondent　　　)
　　　　　　　　　　　　　　　　)

DECLARATION OF FRANK SWEIGART

FRANK SWEIGART hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Director of the Office for the Administrative Review of the Detention of Enemy Combatants ("OARDEC"). I have served in that position since March 17, 2006. Prior to being assigned as Director, I served as the Deputy Director of OARDEC from June 7, 2004 to March 16, 2006.  The statements in this declaration are based upon my personal knowledge and information obtained by me in the course of my official duties.

2. One of the missions of OARDEC is to conduct Combatant Status Review Tribunals (CSRTs) for individuals detained by the Department of Defense at Guantanamo.  Petitioner's CSRT was convened on December 4, 2004 and the tribunal concluded the petitioner was an enemy combatant.

3. Section 1405(a) (3) of the Detainee Treatment Act (DTA) of 2005 states that  CSRT procedures for individuals detained by DoD at Guantanamo Bay "shall provide for periodic review of any new evidence that may become available relating to the enemy combatant status of a detainee."  This requirement was implemented via OARDEC Instruction 5421.1, "Procedure

1

for Review of 'New Evidence' Relating to Enemy Combatant (EC) Status." (Exhibit 1, available

at http://www.defenselink.mil/news/May2007/New%20Evidence%20Instruction.pdf).

4. On August 24, 2007, the Deputy Secretary of Defense directed that a new CSRT be convened

for Petitioner, based on certain information that he determined met the requirements of "new

evidence" as defined in the OARDEC regulation. Accordingly, I have instituted the process to

prepare for Petitioner's new CSRT. This CSRT will follow the procedures found in the

"Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants

Detained at U.S. Naval Base Guantanamo, Cuba," dated July 14, 2006.

5. OARDEC will proceed expeditiously with this CSRT in the gathering, collecting and review

of all relevant Government Information. I expect to convene a new CSRT Tribunal within sixty

(60) days or less from this date.

    I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true, accurate, and correct.

    Executed September 13, 2007

Frank Sweigart
Director, OARDEC

2

EXHIBIT B



Department of Defense
Office for the Administrative Review of
the Detention of Enemy Combatants (OARDEC)
at U.S. Naval Base Guantanamo Bay, Cuba
1010 Defense Pentagon, Washington, D.C. 20301-1010

OARDECINST 5421.1
7 May 2007

OARDEC INSTRUCTION 5421.1

Subj:  PROCEDURE FOR REVIEW OF "NEW EVIDENCE" RELATING TO ENEMY
COMBATANT (EC) STATUS

Ref:  (a)  Detainee Treatment Act of 2005 (DTA)
(b)  Implementation of Combatant Status Review Tribunal Procedures for Enemy
Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba dated July 14, 2006
(c)  Revised Implementation of Administrative Review Procedures for Enemy
Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba dated July 14, 2006

1.  Purpose:  This regulation creates a unified procedure for the submission of new evidence
relating to a Guantanamo detainee's EC status, including those who do not receive ARB hearings.

a.  Section 1405(a)(3) of the reference (a) provides that Combatant Status Review
Tribunal (CSRT) and Administrative Review Board (ARB) procedures, outlined in references (b)
and (c), for individuals detained by the Department of Defense at Guantanamo "shall provide for
periodic review of any new evidence that may become available relating to the enemy combatant
status of a detainee."

b.  Enclosure (13) of reference (c) provides that new information relating to the enemy
combatant status of a Guantanamo detainee presented at an ARB shall be brought to the attention
of the Deputy Secretary of Defense (DSD).   Under that memorandum, the Department reviews
new evidence and may either direct that a CSRT convene to reconsider the basis of the detainee's
EC status in light of the new information, or determine that the new information does not warrant
review by a CSRT.

c.  Certain detainees (such as those previously approved for transfer/release or those
subject to military commission charges) are not provided ARB hearings.

2.  Cancellation:  This is the first instruction in this series; no cancellation clause will be used.

OARDECINST 5421.1
7 May 2007

3.  Initiation of a "New Evidence Review":    A detainee or a person lawfully acting on the detainee's behalf can submit evidence that is new and relates to the detainee's EC status by mailing it to:

> Director, OARDEC
> 1010 Defense Pentagon
> Room 3A730
> Washington, DC 20301-1010.

a.  If any such evidence is submitted by a detainee to his ARB, it will be forwarded to the above office, consistent with the DSD Memorandum on Revised Implementation of Administrative Review Procedures.

b.  If an individual submitting information on a detainee's behalf has had access to classified material, it is the responsibility of that individual to follow all applicable information security regulations with respect to the handling of classified or otherwise protected information. These procedures do not absolve those individuals of that responsibility.

4.  Definition of "New Evidence"

a.  For purposes of these procedures, "new evidence" must meet the following two criteria:

(1)  It must be factual information that was not previously presented to the detainee's CSRT, and

(2)  It must be information that is material to the factual question of whether the detainee is an EC.    Information will be deemed "material" if it creates a substantial likelihood that the "new evidence" would have altered the CSRT's prior determination that the detainee is an enemy combatant, as that term is defined by Deputy Secretary of Defense Order of July 7, 2004, and the Deputy Secretary of Defense Memorandum of July 14, 2006.

b.  New "evidence" and "information" does not include legal argument or factual assertions not supported through documentation or witness testimony.    For example, documents that merely claim the detainee is not an enemy combatant and/or that primarily focus on the legality of his detention or the propriety of his CSRT/ARB process will not be reviewed under these procedures.    Information that contends the detainee is not an enemy combatant and that contains photographs, affidavits, videotaped witness statements or other supporting exhibits may be considered new evidence or information, as would documentation of investigative results.

2

OARDECINST 5421.1
7 May 2007

5.   Conduct of a "New Evidence Review"

   a.   Every effort will be made to make a decision regarding whether or not to convene a new CSRT within 90 days of the "new evidence" being received at the above address.

   b.   If the evidence is found to meet the "new evidence" standard, the DSD will direct that a CSRT convene to reconsider the basis of the detainee's EC status in light of the new information. This CSRT will follow the procedures found in the "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo, Cuba."

   c.   If the evidence does not meet the "new evidence" standard, a new CSRT will not be convened.

   d.   The decision to convene a CSRT to reconsider the basis of the detainee's EC status in light of "new evidence" is a matter vested in the unreviewable discretion of the DSD.

FRANK SWEIGART
Director, OARDEC

3

[ORAL ARGUMENT NOT YET SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| ABDUL RAHIM ABDUL RAZAK AL GINCO, | ) ) ) | |
| Petitioner, | ) ) | No. 07-1090 |
| v. | ) ) | |
| ROBERT M. GATES, | ) ) ) | |
| Respondent. | ) ) | |

## STATUS REPORT

Pursuant to the Court's order of December 13, 2007, respondent respectfully submits this status report on the progress regarding the new Combatant Status Review Tribunal (CSRT). As previously reported, respondent continues to work toward finalizing the new CSRT.

On July 18, 2008, respondent filed a motion seeking to hold this case in abeyance, or, in the alternative, to dismiss without prejudice, pending the completion of litigation relating to the petition for habeas corpus filed by petitioner in district court. Respondent will notify the Court when the new CSRT is completed. If the Court deems it necessary, respondent will continue to provide periodic status reports regarding the progress of the CSRT.

Exhibit C
Page 1 of 3

Respectfully submitted,

DOUGLAS N. LETTER
  (202) 514-3602


ROBERT M. LOEB
  (202) 514-4332


MATTHEW M. COLLETTE
  (202) 514-4214
  Attorneys, Appellate Staff
  Civil Division, Room 7212
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530

2

Exhibit C
Page 2 of 3

## CERTIFICATE OF SERVICE

I certify that on June 19, 2008, I served the foregoing Status Report upon counsel of record by causing a copy to sent by electronic mail and by express delivery service to:

Steven T. Wax
Federal Public Defender
Stephen R. Sady
Chief Deputy Federal Public Defender
Patrick J. Ehlers
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204


Matthew M. Collette, Attorney

Exhibit C
Page 3 of 3

PENDING CLASSIFICATION

No. 07-1090

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ABDULRAHIM ABDUL RAZAK AL GINCO,

Prisoner, Guantánamo Bay Naval Station, Guantánamo Bay, Cuba,

Petitioner,

v.

ROBERT M. GATES,

Secretary of Defense of the United States of America,

Respondent.

---

AFFIDAVIT OF COUNSEL

---

Steven T. Wax
Federal Public Defender
Stephen R. Sady
Chief Deputy Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204
Telephone: (503) 326-2123
Facsimile: (503) 326-5524

Attorneys for Petitioner

I, Stephen R. Sady, being first duly sworn, depose and say:

1.    I am an attorney with the Oregon Federal Public Defender office who has been representing Abdul Rahim Abdul Razak Al Ginco since April 11, 2006. On June 3 and 4, 2008, I met with Mr. Ginco in Guantánamo Bay.  The top of his forehead bore what appeared to be a fresh injury with stitches; he reported he had hit his head against the wall several days earlier to relieve his stress and frustration. He stated that he had received no oral or written information regarding the new CSRT.  I advised him regarding the current status of his case and counseled him regarding legal steps being taken on his behalf.

2.    On April 1, 2008, I met with Mr. Ginco in Guantánamo and inquired regarding the new Combatant Status Review Tribunal that I had been advised occurred on February 14, 2008. He stated that the CSRT lasted less than an hour.  The following day, he requested that the following statement be conveyed regarding his continued incarceration:

> I am Abdul Rahim Abdul Razak Al Janko, who, after being imprisoned two years by the Taliban, accused of being an American spy, is now finishing the sixth year of indefinite detention in Guantánamo.  I committed no crime but, from the Taliban prison, told the Americans I wanted to testify about the human rights violations I witnessed and suffered.  The price I am paying for my faith in American justice has been very high: I suffered harsh interrogation at the Kandahar air base but my mental suffering since then in Guantánamo is as bad and worse.  Having been tortured by beatings, electric shock, near drowning, and false executions by the Taliban for supposedly being an

1

American spy; having been arrested and taken to Guantánamo for offering to help the United States; having been wrongfully detained as an innocent person for six years in Guantánamo; if I am not deserving of mercy, my family should not be made to suffer longer by my absence and the false charges against me. I have watched detainees from many countries leave Guantánamo, while I am forced to stay, even though I did nothing wrong.

_____

Stephen R. Sady
Chief Deputy Federal Public Defender

Subscribed and sworn to before me this 10th day of June, 2008.

OFFICIAL SEAL
JILL C DOZARK
NOTARY PUBLIC-OREGON
COMMISSION NO. 398412
MY COMMISSION EXPIRES OCTOBER 25, 2009

_____

Notary Public for Oregon

2

Exhibit D
Page 3 of 3