**Steven T. Wax, OSB #85012**
**Federal Public Defender**
steve_wax@fd.org
**Stephen R. Sady**
**Chief Deputy Federal Public Defender**
steve_sady@fd.org
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:   503-326-2123
Fax:   503-326-5524

**Attorneys for Petitioner**

**PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULRAHIM ABDUL RAZAK AL GINCO,**<br><br>                                   **Petitioner,**<br>v.<br>**GEORGE W. BUSH, et al.,**<br><br>                                   **Respondents.** | CV 05-1310-RJL<br><br>**MOTION TO PARTICIPATE IN STATUS CONFERENCE BY TELEPHONE AND REQUEST FOR INDIVIDUAL STATUS CONFERENCE WITH COUNSEL** |

The petitioner, Abdul Rahim Abdul Razak Al Ginco, through his attorneys, Steven T. Wax and Stephen R. Sady, respectfully moves this Court for leave: 1) to participate by telephone in the status conference to discuss common procedural and substantive issues on

July 10, 2008; and 2) to set an individual status conference in this case with counsel present during the week of July 14, 2008, on the basis of the following:

    1)    Mr. Ginco has been represented by the Oregon Federal Public Defender since April 11, 2006. Primary counsel had previously arranged for travel to Washington, D.C., on July 14 and 15, 2008, at the invitation of the United States Sentencing Commission to participate in a panel on alternatives to incarceration. Because the circumstances of Mr. Ginco's case appear to involve few issues common to other cases, as indicated below, our preference would be to participate in the consolidated conference on July 10 by telephone and attend a status conference solely on Mr. Ginco's case during the week of July 14th (except between 1:30 and 3:00 on July 14). Primary counsel is also scheduled to argue in the Ninth Circuit on July 9 in *United States v. Nelson*, CA 07-30269, in Portland, Oregon.

    2)    Mr. Ginco has provided the Court with a motion (CR 72) and a reply brief (CR 75) requesting an emergency status conference and setting out the unique procedural posture of his case that results in few common procedural or substantive issues because:

        a)    Mr. Ginco filed a summary judgment motion on September 25, 2006, raising four questions of initial military jurisdiction which, if resolved in Mr. Ginco's favor, would resolve the case;

        b)    discovery issues are unique because, after the filing of the summary judgment motion, the military held a new CSRT that necessarily involved the collection of

government information, including exculpatory material, within the definition of the amended *Bismullah* opinion;[1]

      c)    because the government has had full discovery regarding the petitioner's position for 20 months, the government should be able to act immediately on whether the statement of material facts can be controverted under oath pursuant to summary judgment procedures;

      d)    given that no return has been filed and that, pursuant to 28 U.S.C. § 2243, the norm for filing a return is three days – expanded to 20 days upon good cause shown – after the district court enters an order to show cause, which occurs "forthwith" following the filing of the petition, there is not good cause for any delay regarding a return and provision of discovery; and

      e)    the issues, if not resolved in the motion for partial summary judgment, should be in a position for filing of a traverse on the return and a hearing on an expedited basis.

---

[1] *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir.), *rehearing denied*, 503 F.3d 137 (D.C. Cir. 2007), *rehearing en banc denied*, 514 F.3d 1291 (D.C. Cir 2008), *cert. granted and vacated*, 2008 WL 436838 (U.S., June 23, 2008).

3) The government, through Trial Attorney Paul Ahern, does not oppose the request to participate by telephone and will advise the Court of its position on the separate status conference on July 10, 2008.

Respectfully submitted this 3rd day of July, 2008.

          */s/ Steven T. Wax and Stephen R. Sady*
          Steven T. Wax/Stephen R. Sady
          Attorneys for Petitioner